SCHEB, Judge.
The husband, Robert Kincart, appeals the final judgment of dissolution of his remarriage to the wife, Linda Kincart. He contends that the trial court erred in classifying certain corporate stock as a marital asset, in granting excessive awards of alimony and child support, and in requiring him to contribute to the wife’s attorney’s fees. We affirm in part and reverse in part.
The parties were married in 1972. Their marriage was first dissolved on March 29, 1983; however, they remarried on October 25, 1983. Their second marriage was dissolved on August 31, 1989. Their three children were born in 1973, 1977, and 1984.
When the first judgment of dissolution was entered in 1983, the husband owned twenty-five shares of Resource Recovery of America, a company he cofounded. The final judgment awarded the wife five of these shares, but they were never transferred into her name. From the end of 1983 until sometime in 1987, the husband worked full-time in the company, and the wife performed secretarial services for a period of approximately thirteen months ending in mid-March 1987. In January 1988, Resource Recovery was acquired by International Recovery Corporation (IRC), and the husband was issued 29,999 shares of IRC stock in exchange for the twenty-five Resource Recovery shares in his name.
In the second dissolution suit, which is the subject of this appeal, the wife argued that the stock was a marital asset and she was entitled to one-half the shares. The husband, on the other hand, claimed that the stock shares were non-marital assets and that the wife should receive only 20%, the percentage of IRC stock equal to her *531 percentage interest of Resource Recovery stock based on the 1983 judgment. While the trial judge made no specific findings on the issue, he evidently agreed with the wife’s contention and divided the stock, awarding the wife 15,000 shares and the husband the remaining 14,999 shares.
In addition to 15,000 shares of IRC stock, the wife was awarded $150/week rehabilitative alimony for 260 weeks, $250/week child support for the parties’ three children, $7,125 attorney’s fees, and $198 court costs. The husband was ordered to maintain medical insurance, as well as a $250,-000 life insurance policy, for the benefit of the children.
The husband was awarded the marital home, but was required to pay the wife $50,000, which represented one-half of the parties’ equity in the home. In addition, the husband was awarded ownership of the stock in his current business undertaking, which neither party was able to value.
On appeal, no error is claimed in respect to the dissolution of the marriage, the wife’s custodial responsibility of the children, the husband’s visitation rights, or the requirement that the husband provide medical and life insurance benefits for the children. Rather, the husband challenges certain financial aspects of the judgment. He raises three points.
First, he argues that the trial court erred in treating the IRC stock as a marital asset and distributing it 50/50 to the parties. We agree and remand for a reconsideration of the distribution of the IRC stock.
The Resource Recovery shares distributed in the initial judgment of dissolution became non-marital assets of the parties, owned 80% by the husband and 20% by the wife. The wrinkle is that the stock drastically increased in value between the time of the parties’ remarriage and the second dissolution, yet the trial court did not determine the extent the enhanced value was due to market conditions and what, if any, was the result of marital contributions, i.e., labor or expenditures. See Bowen v. Bowen, 543 So.2d 1284 (Fla. 2d DCA 1989). Any increase of value due to marital contributions from the time of the remarriage until January 1988, when Resource Recovery was acquired by IRC, is a marital asset of the second marriage, and accordingly, should be equitably distributed. Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988). Any increase in value after January 1988 would be mere passive enhancement and properly shielded from equitable distribution. Sanders v. Sanders, 547 So.2d 1014 (Fla. 1st DCA 1989).
Thus, we remand for the trial court to determine the value of the Resource Recovery stock at the time of the parties’ remarriage and the enhancement of value that occurred from the time the parties remarried until January 1988. The court shall then determine what part of that enhancement, if any, was attributable to the parties’ marital contributions. In light of its findings, the trial court shall reconsider its equitable distribution of the IRC stock.
Second, the husband contends that the court erred in requiring him to pay $250/week in child support and $150/week rehabilitative alimony. We find no abuse of discretion in the court’s determination that the husband pay that amount of child support, and we leave that award undisturbed. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The division of particular assets in equitable distribution is often interelated to form a scheme fair to both parties. Thus, when one part of an equitable distribution is altered, the total picture of the trial court’s scheme may change. If recalculation of the parties’ interests in the IRC stock should result in a substantial change in the parties’ overall financial situations, the trial court, on remand, may adjust the wife’s prospective rehabilitative alimony payments as well as other awards, excepting child support and related provisions regarding insurance. The court may in its discretion receive additional evidence concerning the wife’s needs and the husband’s ability to pay.
Finally, the husband contends that the trial court erred in requiring him to pay $7,125 to the wife for attorney’s fees. While we find no abuse of discretion in the *532 court’s requiring the husband to contribute toward the wife’s attorney’s fees, that award should be revisited in light of changes in the parties’ financial circumstances occasioned by any redistribution of the IRC stock and other adjustments in equitable distribution or rehabilitative alimony. Further, we note that the record contains evidence regarding fees and it appears that the trial judge considered the factors required to be considered by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The trial judge failed, however, to include in the judgment specific findings as to hourly rate and the number of hours reasonably expended as required by Rowe. On remand, such findings must be made in order to substantiate any award of attorney’s fees. Fernandez v. Bayless, 558 So.2d 1052 (Fla.2d DCA 1990).
We remand for reconsideration of the court’s equitable distributions, rehabilitative alimony, and attorney’s fees in accordance with this opinion; otherwise, the judgment of dissolution is affirmed.
SCHOONOVER, C.J., and THREADGILL, J., concur.