689 So.2d 346 (1997)
HARTFORD CASUALTY INSURANCE COMPANY, Appellant,
v.
Florence P. SILVERMAN, Appellee.
No. 96-1305.
District Court of Appeal of Florida, Third District.
February 12, 1997.
Rehearing Denied March 26, 1997.
*347 Conroy, Simberg, Lewis & Ganon and Hinda Klein, Hollywood, for appellant.
Brian R. Hersh, Robert G. Bello, Miami, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and FLETCHER, JJ.
FLETCHER, Judge.
Hartford Casualty Insurance Company [insurer] appeals the denial of attorney's fees in an action for breach of contract. Finding that the insurer's offer of settlement was not made in compliance with section 768.79, Florida Statutes (1993), we affirm.
The insured, Florence P. Silverman [Silverman], filed suit against the insurer seeking approximately $256,000 in damages, alleging that the insurer had breached its insurance policy with her by failing to pay for a theft loss and hurricane claim. Silverman also filed a bad faith claim and sought punitive damages. This claim was abated until after the trial on breach of contract. The insurer counterclaimed, seeking both damages and rescission of the insurance contract. In conjunction with the insurer's rescission claim and pursuant to an agreed order, the insurer deposited $9,000 into the court registry, an amount representing Silverman's premium payments.
During the litigation the insurer served an offer of judgment which cited section 768.79, Florida Statutes (1993), and provided:
"Defendants offer to allow Judgment to be taken against them in the total amount of $500.00 inclusive of attorneys [sic] fees and costs, in exchange for a full release in favor of HARTFORD CASUALTY INSURANCE COMPANY, TIM ALLEN and RUTH DUNBAR as agent and/or representatives of HARTFORD CASUALTY INSURANCE COMPANY, of all claims FLORENCE P. SILVERMAN has or may have arising out of the insurance policy which is the subject matter of this litigation and/or the investigation into the claim for benefits under said policy which is the subject of this litigation."
Appellant's App. at A-67.
The offer was not accepted by Silverman. The cause went to trial and the jury returned its verdict in favor of the insurer on all claims, finding against Silverman on her breach of contract claims and finding for the insurer on its breach of contract and fraud/rescission claim. Final judgment was entered for the insurer, after which the insurer filed its offer of judgment and moved for attorney's fees pursuant to section 768.79, Florida Statutes (1993).[1]
Silverman opposed the award of attorney's fees on the basis that the offer of judgment was defective. Her principal contention was that the insurer's offer of judgment was so indefinite, ambiguous and incomplete with *348 respect to the essential terms of a proposed settlement that it did not qualify as a valid offer of judgment. Missing from the offer, according to Silverman, were provisions for the resolution of the insurer's counterclaims and the disposition of the $9,000 in the court registry.
The insurer, on the other hand, contends that its offer was complete and unambiguous in that the statute does not require an offer of judgment, if accepted, to resolve all issues between a plaintiff and a defendant, but only those addressed by the offer. Thus, it contends, a counterclaim can go unresolved by an offer without affecting the offer's validity as to the original claim. Alternatively, the insurer contends that its $500 offer, if accepted, of necessity would have disposed of the counterclaims as well, as Silverman's breach of contract claim and Hartford's rescission counterclaim were mutually exclusive, i.e., if Silverman was entitled to be paid any amount under the policy, then there could be no basis for rescission for fraud.
Standing back and looking at the insurer's contention, we see that an ambiguity does exist. First, the insurer states that the offer does not need to deal with the counterclaim, which, indeed, the offer does not mention. The insurer alleges, on the other hand, that, of necessity, the offer, if accepted, would resolve the counterclaim. This leaves one wondering which it isdoes the offer, if accepted, resolve only Silverman's claims or does it by legal osmosis also resolve the insurer's claims? As seen, the insurer has been able to argue both results (the counterclaim doesn't have to be included and can remain unresolved[2] versus the counterclaim is automatically resolved as the claim and counterclaim were mutually exclusive). Can there then be any doubt that, had Silverman accepted the offer, the insurer would have chosen the option most beneficial to it, while Silverman would have been clinging to a contrary position? We conclude as a consequence that the offer is indeed ambiguous.
The purposes of section 768.79, Florida Statutes (1993) include the early elimination of litigation by encouraging realistic views of the claims made. The making of an ambiguous offer fails to carry out that purpose as it will inevitably lead only to further litigation over the ambiguities. As a consequence, the insurer's ambiguous offer fails to comply with section 768.79, Florida Statutes (1993), and thus is void. The trial court properly denied the insurer's motion for attorney's fees.
Affirmed.
NOTES
[1] Which states in pertinent part:

"(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him or on his behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....
(2) ... An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment."
[2] We note that if an offeror does not intend its offer to include a counterclaim, then it follows that the offeror is not entitled to attorney's fees for the time spent by its attorney for work on the counterclaim.