706 So.2d 376 (1998)
MGR EQUIPMENT CORP., INC., Appellant,
v.
WILSON ICE ENTERPRISES, INC., Appellee.
No. 97-935.
District Court of Appeal of Florida, Fifth District.
February 13, 1998.
*377 Eric W. Ludwig of Eric W. Ludwig, P.A., Altamonte Springs, for Appellant.
Alfred L. Frith of Law Offices of Alfred L. Frith, P.A., Key West, for Appellee.
ORFINGER, M., Senior Judge.
MGR Equipment Corporation, Inc. (MGR) appeals the judgment awarding attorneys' fees to Wilson Ice Enterprises, Inc. (Wilson), based on Wilson's unaccepted offers of judgment. MGR asserts that fees should not have been awarded because the offers were void for ambiguity in that they did not specifically make reference to Wilson's counterclaims. Additionally, MGR argues that the judgment is invalid for absence of findings of the factors required to be considered in an award of fees.
This is the second appearance of this cause here. The action commenced when MGR sued to recover the price of eleven ice makers it had delivered to Wilson. Wilson denied the debt and counterclaimed for consequential damages, lost present and future profits, and loss of good will. At trial, the jury found against MGR on its claim and awarded Wilson $1500 on its counterclaim, with a proviso that the icemakers be returned to MGR, and final judgment was entered accordingly. MGR appealed the judgment, and this court affirmed without opinion. MGR Equip. Corp., Inc. v. Wilson Ice Enters., Inc., 700 So.2d 700 (Fla. 5th DCA 1997). Postjudgment, the trial court awarded attorneys' fees to Wilson, which fees are the subject of the instant appeal.
Wilson had submitted two pre-trial offers of judgment. The first, on May 28, 1996 ("the May 28th offer"), read as follows.
Defendant, WILSON ICE ENTERPRISES, INC., a Florida corporation, pursuant to Section 768.79, Florida Statutes, hereby makes this Offer of Judgment to the Plaintiff, MGR EQUIPMENT CORP., in the amount of $2,553.00.
On August 26, 1996, Wilson served the second offer ("the August 26th offer") of judgment as follows:
Defendant, WILSON ICE ENTERPRISES, INC., a Florida Corporation, pursuant to Section 768.79, Florida Statutes, hereby makes this Offer of Judgment to the Plaintiff, MGR EQUIPMENT CORP., a foreign corporation, in the amount of $5000.00, along with return of the eleven (11) Model DC-44 MGR ice dispensers to MGR EQUIPMENT CORPORATION.
Neither of these offers was accepted. After final judgment was entered, Wilson moved for attorneys' fees pursuant to its unaccepted offers of judgment. After taking testimony, the trial court found that Wilson was entitled *378 to attorney's fees from the date of the May 28th offer and awarded Wilson fees in the amount of $30,000. This appeal followed.
Paragraph 768.79(6)(a), Florida Statutes (1995), provides in part:
If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees ... incurred from the date the offer was served, and the court shall set off such costs and attorney's fees against the award.
The May 28th offer did not address the disposition of the icemakers and thus could have been construed to mean that Wilson would retain them. See BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985). It follows then that this offer did not meet the criteria of section 768.79 because the jury verdict and the ultimate judgment required the return of the icemakers to MGR.
The August 26th offer did, however, offer the return of the icemakers in addition to payment to MGR of $5000. Because MGR was awarded no monetary damages but was ordered to pay Wilson $1500, clearly MGR recovered "at least 25 percent less than the amount of the offer" and Wilson is entitled to an award of attorney's fees if the offer otherwise meets the requirements of the statute.
MGR argues that the August 26th offer is void for ambiguity in that it does not address Wilson's counterclaim. Subsection 768.79(2), Florida Statutes (1995) states in pertinent part:
An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in the final judgment.
We find that the August 26th offer meets the requirements of the statute because even though it does not specifically mention the fate of Wilson's counterclaim, the statute and court decisions, including one from this court, require that offers be read as encompassing "all damages which might be awarded in the final judgment." § 768.79(2), Fla. Stat. (1995); Security Professionals, Inc. v. Segall, 685 So.2d 1381 (Fla. 4th DCA), review denied, 700 So.2d 687 (Fla.1997); Hellmann v. City of Orlando, 610 So.2d 103 (Fla. 5th DCA 1992).
MGR argues that Hartford Casualty Insurance Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997), where the Third District court held an offer invalid because it did not mention the counterclaim, mandates a contrary result. However, although we are unable to distinguish Hartford on its facts,[1] we disagree with the Third District's reasoning inasmuch as it ignores the language of the statute. Ordinarily, we would certify this conflict to the supreme court; however, in light of changes to Florida Rule of Civil Procedure 1.442(c), effective January 1, 1997, which add, inter alia, the requirement that the specific claims being resolved be identified in the offer, we decline to certify the question.[2]See Fla. R. Civ. P. 1.442(c); In re Amendments to Florida Rules of Civil Procedure, *379 682 So.2d 105 (Fla.1996). Like the Fourth District in Segall, we express hope that these amendments "will help ensure that there are no misunderstandings between an offeror and an offeree about the terms of a settlement proposal." 685 So.2d at 1384.
We affirm Wilson's entitlement to fees and costs, but because the trial court erroneously relied on the May 28th offer in awarding fees, we reverse the award and remand the cause for a recalculation of the attorneys' fees incurred only since the August 26th offer. We note that in addition to the extensive findings which the trial court made in the order appealed from, the trial court should also specify the number of hours it determines were reasonably spent by each of Wilson's attorneys beginning on August 26, 1996. See Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994); Kincart v. Kincart, 572 So.2d 530 (Fla. 2d DCA 1990).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Although Hartford involved the disposition of money paid into a court registry as well as the failure to mention the counterclaim, based on the expressed rationale we do not believe that the Third District would have held differently even in the absence of the court registry issue.
[2] The amendments to rule 1.442 impose, inter alia, the following requirements for all settlement proposals, including offers of judgment:

A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal ...
Fla. R. Civ. P. 1.442(c).