KLEIN, Judge.
Appellee Cole is a marine mechanic who leased space in a marina owned and operated by appellant Bayley. This lawsuit involves a number of claims between the parties, one of which was tortious interference with business relationships, for which Cole recovered damages from Bayley. Cole alleged that Bayley engaged in tortious conduct which resulted in Cole’s loss of boat repair business of boat owners keeping their boats in the marina. *551 Bayley argues that Cole did not prove that any conduct of Bayley resulted in damage. We agree.
Cole’s proof of damages consisted of his testimony that a number of his former customers stopped bringing their boats to him for repairs and that his income decreased over a period of several years after the alleged tortious interference started. Cole presented no evidence, however, to connect the loss of any customer’s business to the alleged tortious conduct of Bayley. Accordingly, the trial court should have granted Bayley’s motion for directed verdict on that count.
Bayley also argues that it was entitled to attorney’s fees pursuant to an offer of judgment it made limited to counts I and II of Cole’s counterclaim. These counts, however, were only two of four counts in Cole’s counterclaim. Bayley also had claims against Cole, and there was an issue of entitlement to funds which had been paid into the court registry.
Our offer of judgment statute, section 768.79, Florida Statutes (1995), provides in subsection (2) that the “offer shall be construed as including all damages which may be awarded in a final judgment.” The trial court denied attorney’s fees, because the offer did not address all damages, citing Hartford Casualty Insurance Co. v. Silverman, 689 So.2d 346, 348 (Fla. 3d DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998)(offer of incomplete judgment which did not resolve dispute as to funds in registry was ambiguous and void for failure to comply with section 768.79). We agree that the offer did not comply with the statute. The statute in its present form does not authorize offers which, if accepted, would resolve less than all monetary claims.
We have considered the other issues raised and find them to be without merit. We therefore reverse and remand for a directed verdict on the tortious interference claim and affirm on the remaining issues.
GROSS, J., and BROWNELL, SCOTT M., Associate Judge, concur.