HAZOURI, J.
A provider of health care services (Diabetic) entered into negotiations with a medical accounting and billing service (Medical) to handle its office accounts. After doing business for a period of time, they disputed their relative obligations and ultimately Diabetic sued Medical and Medical filed a counterclaim. On January 31, 1997 Medical served Diabetic with a demand for judgment. The demand stated $12,000.00 as a net judgment “as inclusive of costs and attorney’s fees.” The demand further stated that upon acceptance the parties would dismiss all pending claims and counterclaims and allow judgment to be entered in accordance with the terms of the demand.
After a bench trial Medical recovered a judgment for $13,687.00 which together with interest and costs resulted in a net judgment of $17,518.00.
Medical filed a motion for attorney’s fees, alleging entitlement based on the demand for judgment. Medical argued that it had recovered an award in excess of twenty-five (25%) percent greater than its demand and therefore, it was entitled to an award of attorney’s fees under section 768.79, Florida Statutes (1995). Medical argued that it was entitled to fees both for the defense of Diabetic’s original claim and prosecution of the counterclaim because the demand for judgment was for a “net judgment”.
The trial court entered an order on Medical’s motion for attorney’s fees, which provided:
1. The Defendant/Counter-Plaintiffs Motion be and the same is hereby granted in part and denied in part. As the Court is *1067 advised that the Counter-Defendant does not dispute entitlement to fees for the counterclaim under the Counter-Plaintiffs Demand for Judgment, the Court awards the Defendant/Counter-Plaintiff, MEDICAL BILLING SOLUTIONS, INC.; attorney’s fees in connection with the counterclaim only.
2. In regard to the main claim by .the Plaintiff against the Defendant, the Court awards no attorney’s fees to the Defendant.
3. The Court bases its ruling in part upon the holding in Hartford Casualty Insurance Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997), as argued by the Plaintiff/Counter-Defendant, finding that this case was more persuasive than the holding in Coast to Coast Real Estate, Inc. v. Waterfront Properties, Inc. 668 So.2d 686 (Fla. 4th DCA 1996), as argued by Defendant/Counter-Plaintiff. As such, the Court finds in part that the Demand for Judgment was sufficiently ambiguous as to exactly what claims were encompassed in such Demand for Judgment and finds that such addressed only the counterclaim without ambiguity.
(Emphasis added).
We reverse.
Medical argues that the trial court should not have relied on Hartford Cas. Ins. Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998), but should have relied upon the Fifth District Court of Appeal’s opinion in MGR Equip. Corp., Inc. v. Wilson Ice Enterprises, Inc. 706 So.2d 376 (Fla. 5th DCA), rev. granted, 718 So.2d 169 (Fla.1998).
Both Hartford and MGR involved claims and counterclaims. In both eases there were offers of judgments made to the Plaintiffs without reference to respective counterclaims. In both Hartford and MGR, the resulting final judgments were 25% less than the offers of judgment. The Third District in Hartford found that the failure to address the counterclaim made the offer of judgment ambiguous and thus void. In MGR, the Fifth District reasoned that although the counterclaim was not mentioned in the offer of judgment, it necessarily encompassed the counterclaim because section 768.79(2) requires the offer to include all damages which might be awarded in the final judgment and therefore was not ambiguous.
We do not address the apparent conflict between Hartford and MGR because we find that the demand for judgment, which was filed on January 31, 1997, is controlled by Florida Rule of Civil Procedure 1.442 (effective January 1,1997).
We find that the demand for judgment is unambiguous as it clearly indicates Medical is willing to accept a net judgment of $12,-000.00 on its counterclaim inclusive of costs and attorney’s fees and upon acceptance of this demand, the parties shall enter into a stipulation dismissing all claims and counterclaims allowing judgment to be entered in accordance with this demand for judgment. Rule 1.442(c)(2) states:
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmone-tary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorney fees and whether attorney fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
Medical’s demand for judgment is a proposal for settlement which complies with Florida Rule of Civil Procedure 1.442. We, therefore, reverse the trial court’s order of February 2, 1998 and remand for the trial court to determine a reasonable attorney’s fee for Medical’s defense of Diabetic’s claim and for prevailing on its counterclaim. Further, Medical’s request for attorney’s fees for this *1068 appeal is granted and shall also be determined by the trial court.
REVERSED and REMANDED.
POLEN and STEVENSON, JJ., concur.