731 So.2d 1262 (1999)
MGR EQUIPMENT CORPORATION, INC., Petitioner,
v.
WILSON ICE ENTERPRISES, INC., Respondent.
No. 92,655.
Supreme Court of Florida.
March 25, 1999.
Eric W. Ludwig, Altamonte Springs, Florida, for Petitioner.
Alfred L. Frith and Nancy E. Brandt of Bogin, Munns & Munns, Orlando, Florida, for Respondent.
SHAW, J.
We have for review MGR Equipment Corp. v. Wilson Ice Enterprises, 706 So.2d 376 (Fla. 5th DCA 1998), which expressly and directly conflicts with Hartford Casualty Insurance Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997), review denied, 707 So.2d 1124 (Fla.1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve MGR.
The issue presented by the conflicting decisions is whether an offer of judgment under section 768.69, Florida Statutes (1995), is void when the offer does not provide for the resolution of a counterclaim, *1263 so as to prevent a trial court from ordering the offeree to pay the attorney fees of the party that made the offer, even though the offeror would otherwise be entitled to such fees under the statute.[1] The facts giving rise to this issue in MGR are as follows:
The action commenced when MGR sued to recover the price of eleven ice makers it had delivered to Wilson. Wilson denied the debt and counterclaimed for consequential damages, lost present and future profits, and loss of good will. At trial, the jury found against MGR on its claim and awarded Wilson $1500 on its counterclaim, with a proviso that the icemakers be returned to MGR, and final judgment was entered accordingly. MGR appealed the judgment, and this court affirmed without opinion. Post-judgment, the trial court awarded attorneys' fees to Wilson, which fees are the subject of the instant appeal.
Wilson had submitted two pre-trial offers of judgment. The first [was submitted] on May 28, 1996.... On August 26, 1996, Wilson served the second offer ("the August 26th offer") of judgment as follows:
Defendant, WILSON ICE ENTERPRISES, INC., a Florida Corporation, pursuant to Section 768.79, Florida Statutes, hereby makes this Offer of Judgment to the Plaintiff, MGR EQUIPMENT CORP., a foreign corporation, in the amount of $5000.00, along with return of the eleven (11) Model DC-44 MGR ice dispensers to MGR EQUIPMENT CORPORATION.
Neither of these offers was accepted. After final judgment was entered, Wilson moved for attorneys' fees pursuant to its unaccepted offers of judgment. After taking testimony, the trial court found that Wilson was entitled to attorney's fees....
MGR, 706 So.2d at 377-78 (citation omitted). The Fifth District held that "the August 26th offer meets the requirements of the statute because even though it does not specifically mention the fate of Wilson's counterclaim, ... [it is] require[d] that offers be read as encompassing `all damages which might be awarded in the final judgment.' § 768.79(2), Fla. Stat. (1995)." MGR, 706 So.2d at 378. We agree.
Generally, section 768.79 creates a right to reasonable costs and attorney fees when two prerequisites have been fulfilled: (1) a party has served a demand or offer for judgment; and (2) that party has recovered a judgment at least twenty-five percent more or less than the demand or offer. See Hannah v. Newkirk, 675 So.2d 112, 114 (Fla.1996); TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995). In order to satisfy the technical requirements of section 768.79(2),
An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
§ 768.79(2), Fla. Stat. (1995).[2] Subsection (2) also provides that the "offer shall be *1264 construed as including all damages which may be awarded in a final judgment." Id. The purpose of this mechanism is to "terminate all claims, end disputes, and obviate the need for further intervention of the judicial process" by encouraging parties to exercise their "organic right ... to contract a settlement, which by definition concludes all claims unless the contract of settlement specifies otherwise." Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159, 161 (Fla.1989). See § 768.79(1), Fla. Stat. (1995)(referring to the recovery of costs and attorney fees under the statute as "penalties" for the declining party's failure to accept the offer and terminate the litigation); Aspen v. Bayless, 564 So.2d 1081, 1083 (Fla.1990).
In the present case, Wilson's offer of $5000, along with the return of the icemakers, constituted "all damages which may [have been] awarded in [the] final judgment." § 768.79(2), Fla. Stat. (1995). Furthermore, because the offer was not qualified, it would have disposed of all pending claims in the litigation including the counterclaim. See generally Security Professionals, Inc. v. Segall, 685 So.2d 1381 (Fla. 4th DCA) (Pariente, J., holding that the defendant's counterclaim against plaintiffs did not survive an offer of judgment that did not mention the counterclaim because defendant, as offeror, and plaintiffs, as offerees, were parties to the offer of judgment which disposed of "all pending claims" under the agreement), review denied, 700 So.2d 687 (Fla.1997). This broad reading of section 768.79 gives full effect to the statute and its purpose of leading litigants to settle by penalizing those who decline offers that satisfy the statutory requirements. Accordingly, we approve MGR.
It is so ordered.
HARDING, C.J., and WELLS, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs specially with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., specially concurring.
While I agree with the result reached by the majority, our approval of MGR Equipment Corp. v. Wilson Ice Enterprises, Inc., 706 So.2d 376 (Fla. 5th DCA 1998), is not necessarily inconsistent with the result reached by the Third District in Hartford Casualty Insurance Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997), review denied, 707 So.2d 1124 (Fla.1998). In Hartford, the defendants' offer of judgment provided:
"Defendants offer to allow Judgment to be taken against them in the total amount of $500.00 inclusive of attorneys [sic] fees and costs, in exchange for a full release in favor of HARTFORD CASUALTY INSURANCE COMPANY, TIM ALLEN and RUTH DUNBAR as agent and/or representatives of HARTFORD CASUALTY INSURANCE COMPANY, of all claims FLORENCE P. SILVERMAN has or may have arising out of the insurance policy which is the subject matter of this litigation and/or the investigation into the claim for benefits under said policy which is the subject of this litigation."
Id. at 347.
The Fifth District in MGR stated that it could not distinguish Hartford on its facts. See MGR, 706 So.2d at 378. However, unlike the unqualified offer made in MGR, the insurer's offer in Hartford specifically provided that the consideration for the payment of the $500 was a release of the plaintiffs claim against itnot a release of all claims between the parties. Therefore, the offer in Hartford could be considered *1265 to be a qualified one that did not include a release of the counterclaim.
Hopefully, the amendments to Florida Rule of Civil Procedure 1.442, which became effective after the offers were made in MGR and Hartford, will eliminate the problems presented by this case, and further "help ensure that there are no misunderstandings between an offeror and an offeree about the terms of a settlement proposal." Security Prof'ls, Inc. v. Segall, 685 So.2d 1381, 1384 (Fla. 4th DCA), review denied, 700 So.2d 687 (Fla. 1997).
ANSTEAD, J., concurs.
NOTES
[1] Under the offer of judgment statute, if "a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees ... incurred from the date the offer was served, and the court shall set off such costs and attorney's fees against the award." § 768.79(6)(a), Fla. Stat. (1995).
[2] The 1995 version of the Florida Rules of Civil Procedure pertaining to offers of judgment only provided that "[p]arties shall comply with the procedure set forth in section 768.79...." Fla. R. Civ. P. 1.442 (1995). The current rule 1.442 is not applicable to the instant case since it became effective four months after the instant offer of judgment was tendered. Unlike its predecessor, the current rule mandates greater detail in settlement proposals, which will hopefully enable parties to focus with greater specificity in their negotiations and thereby facilitate more settlements and less litigation. See Fla. R. Civ. P. 1.442(c)(2)(b)(requiring, among other things, that the proposal "identify the claim or claims [it] is attempting to resolve").