PER CURIAM.
This appeal had its beginning in an eminent domain proceeding. The condemning authority made a partial taking of property in order to widen a thoroughfare. Buildings located thereon, leased to the appellant, were also partially taken. The parties here were co-defendants in the condemnation proceeding. Appellant, who conducted a business from the buildings, obtained a judgment for the resulting damages to his business. Appellee, as fee simple owner, settled her claim. A motion was presented to apportion the amount awarded, as damages in the settlement agreement, between the fee simple owner and the tenant. The trial court found that the tenant had elected to present its claim, for the remainder interest in the leasehold together with its claim for injury to its business, in the previous trial for business damages. On that basis, the trial court denied any allocation to the tenant with regard to his remainder interest in the lease. We agree.
A lessee is entitled to just compensation for the value of its remainder interest in its leasehold. Orange State Oil Company v. Jacksonville Expressway Authority, 110 So.2d 687 (Fla. 1st DCA 1959). Under the circumstances of this case, allocation for the loss of the “bonus value” or remainder interest in the lease would have permitted double recovery which should not be allowed on principles of justice and fair play. Giessner v. Duval County, 203 So.2d 330 (Fla. 1st DCA 1967).
Affirmed.