STONE, Judge.
Defendants appeal the assessment of certain deposition costs in a suit for libel and slander involving statements in a newsletter published to condominium unit owners by other unit owners. The litigation appeared to be resolved by the plaintiffs accepting the defendants’ offers of judgment. The plaintiffs cross appeal, contesting an order which, among other things, dismissed two counts of the complaint, for tortious interference with contract and an advantageous business relationship, and conspiracy to commit such interference.
In all, three offers of judgment were accepted. Two were designated as made “in full satisfaction of all pending claims”, and the third was made “under the terms and provisions of Rule 1.442, Fla.R. Civ.P.” The plaintiffs would have the court consider their acceptance of the offers of judgment as only a partial resolution of their claims against the defendants, because the offers did not specify that they included counts that had previously been dismissed. Plaintiffs seek to retain the benefits of their judgment on the counts for defamation, while retaining the claims for tortious interference arising out of the publication, without having sought to preserve that option before the trial court at the time of accepting the offers of judgment.
There is no evidence in the record that such a result was intended, nor do the plaintiffs have the benefit of any favorable fact findings. We recognize that a party is not precluded, as a matter of law, from contending that certain disputes, or disputes between parties, were not resolved by the acceptance of an offer of judgment. See BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986). However, we do not consider this case to be applicable here.
For the same reason, we find no error with respect to the other issues raised by the cross appeal, as to Counts III, IV, V and VIII, arising out of the same order of the trial court, and further note that plaintiffs made no effort to amend the complaint as to those counts. See Kay v. Amendola, 129 So.2d 170 (Fla. 2d DCA 1961). We do not address the merits of the order as to any of the counts because we conclude that none of the substantive issues have survived the plaintiffs’ acceptance of the offer of judgment.
The cost judgment is supported by the record, except that a charge of $184.50 for the expedited delivery of a deposition was not shown to be useful or necessary. See Statewide Uniform Guidelines for Taxation of Costs in Civil Actions (1981); Schumacher v. Wellman, 415 So.2d 120 (Fla. 4th DCA 1982). In all other respects we find no abuse of discretion in the cost award. See, e.g., State Farm Mutual Automobile Ins. Co. v. Sampaio, 374 So.2d 617 (Fla. 4th DCA 1979); Baker v. Varela, 416 So.2d 1190 (Fla. 1st DCA 1982).
*1261 The final judgment and cost judgment are, therefore, affirmed except that the cost judgment is reduced by the sum of $184.50.
DELL, J., concurs.
GUNTHER, J., concurs in part and dissents in part with opinion.