595 So.2d 177 (1992)
LEE COUNTY, Florida, a political subdivision of the State of Florida, Appellant,
v.
Paul H. SAGER, Alene Martin, individually and d/b/a Century 21 Real Estate, Leonard Grant, Individually and d/b/a Century 21 Real Estate, Bill Stark and Dick Steele, Tax Collector, Appellees.
No. 91-02102.
District Court of Appeal of Florida, Second District.
February 21, 1992.
Rehearing Denied March 26, 1992.
James Yaeger, Lee County Attorney, and Elizabeth M. Woodford, Asst. County Atty., Fort Myers, for appellant.
Beth M. Kaler and Frank A. Pavese of Pavese, Garner, Haverfield, Dalton, Harrison & Jenson, Cape Coral, for appellees.
FRANK, Judge.
We affirm the trial court's order striking Lee County's offer of judgment.
The County initiated condemnation proceedings in accordance with Chapters 73 and 74, Florida Statutes, on May 25, 1989, to acquire a portion of the landowners' property. On the same day that the petition was filed, the County served the landowners with an offer of judgment pursuant to rule 1.442 of the Florida Rules of Civil Procedure and section 73.092(7), Florida Statutes (1987), in the amount of $123,900, exclusive of costs and fees.[1] The landowners did not file an acceptance within thirty days, thus the offer was deemed rejected. On February 22, 1991, the jury, instructed not to consider the interest factor in determining an award, returned a *178 verdict valuing the property at $122,000, $1,900 below the offer. Thereafter, the trial court supplemented the verdict with statutory interest of $5,509, computed pursuant to section 74.061, Florida Statutes (1987), the relevant portion of which states as follows:
Compensation shall be determined in accordance with the provisions of chapter 73, except that interest shall be allowed at the same rate as provided in all circuit court judgments from the date of surrender of possession to the date of payment on the amount that the verdict exceeds the estimate of value set forth in the declaration of taking.
Thus the final judgment resulted in an award to the landowners of $127,509. The County contends that the verdict amount only, $122,000, is the figure to which the offer is compared for purposes of awarding fees or costs. We disagree and affirm the trial court.
Prejudgment interest is an integral part of "full compensation" in eminent domain proceedings. Behm v. State, Department of Transportation, 383 So.2d 216, 218 (Fla. 1980). When a governmental authority submits an offer of judgment in a sum certain, that amount is taken to mean that it includes all elements of damage attributable to the condemnor's taking, "including the damages resulting from deprivation of the use of the money." Encompass Inc. v. Alford, 444 So.2d 1085, 1088 (Fla. 1st DCA), rev. denied, 453 So.2d 43 (Fla. 1984). Hence, the prejudgment interest is a part of the judgment in determining whether the award is below the level which activates entitlement to fees and costs pursuant to section 73.092(7), Florida Statutes (1987). See Phillips v. Parrish, 585 So.2d 1038 (Fla. 1st DCA 1991). The trial court was correct in striking the offer of judgment.
We affirm.
DANAHY, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Section 73.092(7) provides, in pertinent part, that:

Where an offer of judgment made by the petitioner, pursuant to the Florida Rule of Civil Procedure, is either rejected or expires and the verdict or judgment is less than or equal to the offer of judgment, no attorney's fees or costs shall be awarded for time spent by the attorney or costs incurred after the time of rejection or expiration of the offer.