PARIENTE, Judge.
In this eminent domain proceeding, the owner and mortgage holder appeal a final judgment of apportionment awarding lessees, Armond’s Upholstery (Armond’s) and PSI Printing (PSI), a portion of the owner’s settlement with the condemning authority, the State of Florida Department of Transportation (DOT), for the “bonus value” of their leasehold interests in the condemned property. We find that the apportionment award to the lessees constituted an impermissible double recovery and accordingly reverse.
Upon the taking of the property in this case, PSI entered into a settlement and stipulated final judgment with the DOT for its full damages, including business and all other damages. The day after PSI settled, Ar-mond’s proceeded to jury trial to determine the amount of its claims against the DOT. Submitted for the jury’s determination was the question of Armond’s total damages resulting from the condemnation of the property, including business damages and loss of profits. The owner of the condemned property subsequently settled with the DOT and thereafter Armond’s and PSI moved for apportionment of the owner’s settlement on the ground their awards did not compensate them for the value of their leasehold interests.
In support of its assertion, PSI relies upon an amended stipulated final judgment entered after DOT’s settlement with the owner which, in contrast to the original, provides that the settlement is for business damages only. However, the owner was not a party to the amended stipulation and had a right to rely on the original stipulated final judgment and the prior jury verdict in settling its claim with the Department. Presumably, the owner’s settlement took into account the fact that PSI’s claims had been separately resolved with the DOT.
Further, the issue of Armond’s damages for full compensation, including the value of its leasehold interest, was submitted to the jury and Armond’s thus elected to present its entire claim to the jury. The fact that the jury may have awarded less than full damages does not entitle Armond’s to a second bite.
It is well-settled that a lessee of land under a written lease for a term of years is an owner of property in the constitu *1129 tional sense and is entitled to full compensation for the taking of property in an eminent domain proceeding. Williams v. Jones, 326 So.2d 425 (Fla.1975), appeal dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976); Mulkey v. Division of Admin. State of Florida, Department of Transportation, 448 So.2d 1062 (Fla. 2d DCA 1984). The normal course of proceedings for determining compensation in an eminent domain proceeding is that:
A jury is impaneled to consider “all pertinent proffered facts touching the value of the fee and the leasehold,” and to evaluate each interest before rendering an inclusive verdict. After a verdict has been rendered, the parties next proceed to an apportionment hearing at which the court determines their respective rights in the amount awarded.
National Advertising Co. v. State of Florida, Department of Transportation, 611 So.2d 566, 569 (Fla. 1st DCA 1992).
This case did not follow the normal course of proceedings. In AAA Million Auto Parts Inc. v. Affron, 379 So.2d 707 (Fla. 3d DCA 1980), the third district held that a lessee who obtained a judgment for damages to its business could not thereafter recover damages for the value of its remainder interest in the lease from the owner’s settlement. In so holding, the court reasoned:
[a] lessee is entitled to just compensation for the value of its remainder interest in its leasehold. Under the circumstances of this case, allocation for the loss of the bonus value or remainder interest in the lease would have permitted double recovery which should not be allowed on principles of justice and fair play.
Id. at 708 (citations omitted).
Allowing the lessees to recover a portion of the owner’s settlement in this case would likewise result in an impermissible double recovery. Having thus held, we do not need to reach the cross-appeal.
REVERSED.
DELL, C.J., and GLICKSTEIN, J., concur.