677 So.2d 336 (1996)
Robert HARTLEB, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, et al., Appellees.
No. 95-0667.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Rehearing/Reconsideration Denied August 20, 1996.
Douglas R. Bell and Charles Forman of Law Office of Bell & Bell, Fort Lauderdale, for appellant.
Thornton J. Williams, General Counsel, and Marianne A. Trussell, Assistant General Counsel, Tallahassee, for Appellee-State of Florida, Department of Transportation.
STONE, Judge.
We reverse trial court orders in this eminent domain action that deny Appellant's recovery of that portion of attorney's fees and costs incurred subsequent to Appellee's offer of judgment.
Section 73.092(7), Florida Statutes (1987), the agreed applicable eminent domain provision, reads, in pertinent part:
Where an offer of judgment made by the petitioner ... is either rejected or expires and the verdict or judgment is less than or equal to the offer of judgment, no attorney's fees or costs shall be awarded for time spent by the attorney or costs incurred after the time of rejection or expiration of the offer.
The department's offer was for $60,000. The appellant/fee owner ultimately received $53,630 out of a jury verdict of $60,971, the difference being an award to Appellant's tenant allocated in a post-verdict proceeding. There was no indication in the department's offer of judgment that the offer did not include any compensation that might be owed by Appellant to the tenant. The offer made no reference to any apportionment claims of others. The offer states that it is made "as complete and total settlement of the above styled cause."
In an eminent domain proceeding, the jury is generally asked to evaluate the various fee and leasehold interests collectively in arriving *337 at an all inclusive verdict. See Bolduc v. Glendale Federal Bank, 631 So.2d 1127, 1128-29 (Fla. 4th DCA 1994). See also K-Mart Corp. v. State Dept. of Transp., 636 So.2d 131 (Fla. 2d DCA 1994). Subsequently, an apportionment hearing is conducted to determine the respective rights of the respondents in the award. Bolduc; State Road Dept. v. Thibaut, 190 So.2d 53 (Fla. 4th DCA 1966), cert. denied, 196 So.2d 922 (1967); Lee County v. Sager, 595 So.2d 177 (Fla. 2d DCA), rev. denied, 606 So.2d 1165 (Fla.1992); Division of Admin., State of Fla. v. Allen, 447 So.2d 1383 (Fla. 5th DCA 1984). Here, there being no indication in the offer that Appellant's recovery would be free and clear of the respondent-tenant's interest in the award, it is reasonably read as made in relation to the potential verdict.
At best, the department's offer was ambiguous. Had Appellant accepted, he was still facing the tenant's apportionment claim which remained unresolved. The department had no control over the tenant's claims. Therefore, it could not be determined whether the department intended a separate settlement of the tenant's claim.
In any event, we also reverse because the department made substantial changes in the construction plans and design, correcting a major problem in elevations, which decreased the scope of the proposed taking after the offer expired. Appellant was not advised that the changes had been made until after the trial had started.
Simple equity and requirements of fair dealing mandate that the department not benefit from making a pre-trial offer of judgment evaluated in relation to one set of damages and then argue at trial, for a substantially lessened damage award occasioned by the changed plans. We can discern no reason to reward the department for submitting an insufficient offer under the statute, and then de facto correcting it through a reduction in the scope of the taking. Such an outcome is certainly contrary to the public policy established in the legislative scheme governing the award of attorney's fees.
Accordingly, on remand, the offer of judgment is to be stricken and the award of attorney's fees modified accordingly. All other issues raised on appeal are moot.
POLEN, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, Judge, concurring specially.
I agree entirely with the majority opinion and write only to express my concern regarding the D.O.T.'s actions in this case. I cannot understand how the D.O.T. could possibly take the position that an offer of judgment, made prior to the D.O.T. making substantial changes to construction plans and thereby decreasing the owner's damages, could possibly remain in effect. Nor do I understand how the D.O.T. could think that it could prevail where the offer made no reference to apportionment between the owner and the tenant. The D.O.T.'s decision to take this position, which required the owner to bring this appeal, not only wasted the time of counsel employed by the D.O.T. but also made the state responsible for paying the owner's attorneys' fees for this appeal. See § 73.131, Fla.Stat. (1987).