685 So.2d 1381 (1997)
SECURITY PROFESSIONALS, INC., By and Through Martin PAIKIN, a shareholder, and Martin Paikin, individually, Appellants,
v.
Sandy SEGALL, E.M. Segall a/k/a Pat Segall, Coastline Communication Corp., a Florida corporation and Hollywood Lakes Country Club, Inc., a Florida corporation d/b/a Grand Palms Golf and Country Club, Appellees.
Nos. 95-4246, 95-4247.
District Court of Appeal of Florida, Fourth District.
January 8, 1997.
*1382 Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for Appellant-Security Professionals, Inc., by and through Martin Paikin, a shareholder.
Glen Rafkin of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for Appellant-Martin Paikin, individually.
Alvin E. Entin of Entin & Margules, P.A., Fort Lauderdale, for Appellees-Sandy Segall and Coastline Communication Corp.
Patricia M. Silver and Edward A. Licitra of Silver & Waldman, P.A., Miami, for Appellees-E.M. Segall and Hollywood Lakes Country Club, Inc.
PARIENTE, Judge.
This case involves the dismissal by the trial court of an entire case following the acceptance, by certain parties, of an offer of judgment. Because the offer of judgment was made only by and to certain parties to this litigation, we reverse the order of dismissal.
Sandy Segall and Martin Paikin were each 50% shareholders in a security alarm business known as Security Professionals, Inc. In their third amended complaint, plaintiffs Security Professionals, Inc., by and through Sandy Segall, Sandy Segall, individually, and Coastline Communication Corp. sued defendants Martin Paikin, individually, and Ro-Pac Security Products, Inc.
Defendant/counterplaintiff Martin Paikin, individually, counterclaimed against Sandy Segall, individually, Coastline Communication Corp., E.M. Segall, individually, and Hollywood Lakes Country Club, Inc. The counterclaim contained fourteen counts, including a separate shareholders' derivative action brought by additional counterplaintiff Security Professionals, Inc., by and through Martin Paikin, a shareholder, against each of the named counterdefendants.
Approximately one year later, an offer of judgment of $5,000 was served by "Defendants, RO-PAC SECURITY PRODUCTS, INC. and MARTIN PAIKIN" on "Plaintiffs, SECURITY PROFESSIONALS, INC., SANDY SEGALL and COASTLINE COMMUNICATIONS CORP.," offering to settle "all pending claims." Counterplaintiff Security Professionals, Inc., through Martin Paikin, was not named in the offer of judgment, nor were the additional counterdefendants E.M. Segall and Hollywood Lakes Country Club.
Security Professionals, Inc., Sandy Segall and Coastline Communication Corp. filed a timely acceptance of the $5,000 offer of judgment. Over sixty days after the acceptance, a motion to dismiss with prejudice was filed on behalf of all of the counterdefendants. The trial court accepted the counterdefendants' argument that because the offer of judgment offered to settle "all pending claims," the acceptance by some of the parties effectively dismissed the entire case, even as to parties not named in the offer.
The issue in this case is whether the offer of judgment, which was accepted, should have resulted in the dismissal of all claims where there were multiple parties and multiple claims. At the relevant period of time, Florida Rule of Civil Procedure 1.442 set forth that "[p]arties shall comply with the procedure set forth in Section 768.79, Florida Statutes (1991)," with respect to offers of *1383 judgment.[1] Subsection 768.79(2)(b), Florida Statutes (1991), provides that an offer must "[n]ame the party making it and the party to whom it is being made."
A judgment entered pursuant to an offer of judgment may be analogized to a consent judgment, which is in the nature of a contract. See BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 587 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla.1986). As a general rule, parties that are not included in a stipulation for settlement cannot be bound by its provisions. See Video Super Stores of Am., Inc. v. Mastriana, 575 So.2d 326, 326 (Fla. 4th DCA 1991). This general rule does not conflict with the principle that there is an "organic right of parties to contract a settlement, which by definition concludes all claims unless the contract of settlement specifies otherwise." Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159, 161 (Fla.1989) (citation omitted).
In this case, the phrase "all pending claims" must be read in the context of the parties who made the offer of judgment and the parties to whom the offer was made. The offer of judgment also must be read in its entirety and in the context of this litigation. We conclude that the only parties bound by the offer of judgment were the parties who made the offer and the parties who accepted the offer.
The counterclaim against E.M. Segall and Hollywood Lakes Country Club contained separate and distinct counts. The offer of judgment was not directed to either E.M. Segall or Hollywood Lakes Country Club, and neither party accepted it. There is no indication that the liability of either counterdefendant is derivative or subsumed within the claims of the other parties to the offer. This case is thus distinguishable from McCutcheon v. Hertz Corp., 463 So.2d 1226, 1227-28 (Fla. 4th DCA), petition for review denied, 476 So.2d 674 (Fla.1985), relied on by E.M. Segall and Hollywood Lakes Country Club. In McCutcheon, our court held that an injured plaintiff, who accepted an offer of judgment from the defendant who caused the initial injury, could not thereafter maintain an action against a physician who allegedly aggravated the initial injury, where plaintiff's claims against the defendant were previously determined to include the claims against the physician.
E.M. Segall and Hollywood Lakes Country Club, also rely on Hartleb v. State, Department of Transportation, 677 So.2d 336 (Fla. 4th DCA 1996), as authority for the proposition that the claims against them were subsumed within the offer of judgment. However, in Hartleb, an eminent domain proceeding, the issue was whether the DOT's offer of judgment to the fee owner included compensation owed to the non-party tenant. Id. at 336-37. The offer stated that it was made "as complete and total settlement of the above styled cause." Id. at 336. "In an eminent domain proceeding, the jury is generally asked to evaluate the various fee and leasehold interests collectively in arriving at an all inclusive verdict." Id. at 336-37. In other words, the claims of the non-party tenant would be subsumed within the claim of the fee owner and not apportioned until after the jury's verdict.
Here, the offer of judgment made to only three plaintiffs by two defendants did not result in a settlement with unnamed parties with separate pending claims and counterclaims. Accordingly, the dismissal of counterdefendants E.M. Segall and Hollywood Lakes Country Club was improper.
The more complicated question is whether the shareholders' derivative counterclaim brought by Martin Paikin on behalf of Security Professionals, Inc. remained pending after the acceptance of the offer of judgment because defendant Martin Paikin individually made the offer of judgment to plaintiff Security Professionals, Inc. However, in this case, Sandy Segall and Martin Paikin each brought separate shareholders' *1384 derivative actions on behalf of Security Professionals, Inc.Sandy Segall brought his shareholders' derivative action as a plaintiff, and Martin Paikin brought his shareholders' derivative action as a counterplaintiff. Although there is only one corporation, there can be more than one shareholders' derivative action based on different causes of actions and claims of damages pending at any one time.
In addition, Security Professionals, Inc., through Martin Paikin, and Martin Paikin, individually, are two different parties. See Alario v. Miller, 354 So.2d 925 (Fla. 2d DCA 1978); Citizens Nat'l Bank v. Peters, 175 So.2d 54 (Fla. 2d DCA 1965). In Alario, 354 So.2d at 926, the second district explained that "[t]here is a clear and necessary distinction between an individual action and a derivative one." In a derivative action, the shareholder seeks to enforce a corporate right of action; in an individual action, the shareholder seeks to enforce an individual right of action. See id.; Citizens Nat'l Bank, 175 So.2d at 56.
Security Professionals, Inc., through Martin Paikin, was not a party who made the offer, nor a party to whom the offer was made; therefore, the $5,000 offer of judgment did not affect Martin Paikin's separate pending shareholders' derivative counterclaim, which was filed in a representative capacity. In construing this offer of judgment, we are additionally persuaded by the fact that the parties making the offer specified that they were "Defendants" and that they were making the offer to "Plaintiffs," mirroring the exact parties named in the third amended complaint as defendants and plaintiffs.
By the same token, Martin Paikin conceded at oral argument, and we agree, that his individual counterclaim against Sandy Segall and Coastline Communication Corp. did not survive the offer of judgment because both Martin Paikin, individually, as offeror, and Sandy Segall and Coastline Communication Corp., as offerees, were parties to the offer of judgment. Thus, the phrase "all pending claims" encompassed his individual counterclaim against them. See Adamson v. Nathan Putchat Assocs., P.A., 528 So.2d 1259 (Fla. 4th DCA), review denied, 537 So.2d 569 (Fla.1988).
We regret that this case is just one more example of the offer of judgment statute causing a proliferation of litigation, rather than fostering its primary goal to "terminate all claims, end disputes, and obviate the need for further intervention of the judicial process." Unicare Health Facilities, Inc., 553 So.2d at 161. Perhaps the amendments to Florida Rule of Civil Procedure 1.442, effective January 1, 1997, which require far more detail in a settlement proposal,[2] will help ensure that there are no misunderstandings between an offeror and an offeree about the terms of a settlement proposal.[3]
In summary, the following claims are still pending: 1) the shareholders' derivative counterclaim of Security Professionals, Inc., through Martin Paikin, against Sandy Segall, individually, Coastline Communication Corp., E.M. Segall, individually, and Hollywood Lakes Country Club, Inc.; and 2) the counterclaim of Martin Paikin, individually, against E.M. Segall, individually, and Hollywood Lakes Country Club, Inc. We reverse and remand for the trial court to proceed consistent with this opinion.
POLEN and GROSS, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.442 has been amended, effective January 1, 1997. See infra note 2.
[2] Rule 1.442 has been amended, effective January 1, 1997, to require greater specificity in what will now be referred to as a "proposal for settlement." See In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105 (Fla.1996). In addition to other details which must be placed in the settlement proposal, the rule mandates that the proposal shall identify the claim or claims the proposal is attempting to resolve. Id. Rule 1.442(3) states that: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." Id.
[3] At oral argument, appellants suggested that a remedy on remand would be for the trial court to consider whether the offer of judgment should be rescinded based on unilateral mistake. No such motion has been made, and this issue is not before us.