788 So.2d 369 (2001)
Michael P. AHERN, Jr., as Personal Representative of the Estate of Jerri Renee Ahern, Deceased, and next friend and guardian of Michael P. Ahern, IV, a minor, Appellant,
v.
ODYSSEY RE (LONDON) LIMITED, f/k/a Sphere Drake Insurance Company, Appellee/Cross-Appellant,
v.
Scott Combs, Cross-Appellee.
No. 4D00-1903.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
*370 Michael J. Mortell of J.D. Lewis, III & Associates, Stuart, for appellant and cross-appellee.
David R. Cassetty of O'Connor, Chimpoulis, Restani, Marrero & McAllister, P.A., Coral Gables, for appellee/cross-appellant.
STEVENSON, J.
Michael P. Ahern, Jr., as Personal Representative of the Estate of Jerri Renee Ahern, and Scott Combs sued Medi-Trans, Inc., for negligent hiring and retention. When Medi-Trans' insurer, Odyssey Re (London) Limited, refused to provide a defense and denied coverage, Medi-Trans entered into consent judgments with Ahern's estate and Combs for $850,000, and $135,000, respectively. Pursuant to an assignment of rights, Ahern's estate and Combs brought an action for declaratory relief, seeking to enforce those judgments against Odyssey. After a hearing, the trial court entered a final order enforcing Combs' judgment, but refusing to enforce Ahern's judgment on the grounds that Ahern's claim was too attenuated and the estate would not have prevailed at trial. On appeal, Ahern's estate contends that in finding "no coverage" as to its claim, the trial court improperly went behind the consent judgment and relitigated the issue *371 of Medi-Trans' liability. In the cross appeal, the insurer contends the $135,000 judgment in favor of Combs should not have been enforced as the amount is unreasonable. We find merit in the arguments raised and reverse the trial judge's order in its entirety.

Background
Medi-Trans, Inc., is in the business of transporting non-emergency patients to and from doctors appointments and physical therapy. Medi-Trans contracts with various drivers who then use their personal vehicles to provide the transportation. Scott Combs was a client of Medi-Trans and Jerri Renee Ahern was his girlfriend. On the afternoon of February 14, 1996, the car that picked Combs up from his physical therapy was involved in a collision. Combs was seriously injured and Ahern, who was also a passenger in the car at the time, was killed. Ahern's estate and Combs sued Medi-Trans for negligent hiring and retention, alleging that the driver of the car, Scott Hopkins, was a Medi-Trans' employee, was under the influence of alcohol, and did not have a valid driver's license.
Following the lawsuits, Medi-Trans requested that its insurer, Odyssey, defend against the claims. Odyssey refused and, as a result, Medi-Trans entered into what is known as a Coblentz[1] settlement agreement with the plaintiffs. The agreement provided for the entry of consent judgments against Medi-Trans in the amounts of $850,000 and $135,000 in favor of the estate and Combs, respectively, and an assignment of Medi-Trans' rights against its insurer to the plaintiffs. In exchange for the consent judgments, the plaintiffs agreed not to execute on the judgments against Medi-Trans.
Shortly after execution of the settlement agreement, Ahern's estate and Combs filed declaratory judgment actions against Odyssey, seeking a determination that the insurer had a duty to defend Medi-Trans against the negligent hiring and retention claims and that these claims fell within the coverage provided by its policy of insurance, obligating the insurer to pay the damages awards set forth in the consent judgments. The record reflects that the court's consideration of the reasonableness of the amount of the settlements was to be reserved for another day.
Following a bench trial, the trial judge ruled that (1) Odyssey had a duty to defend Medi-Trans against the negligent hiring claims and (2) that the policy provided coverage for negligent hiring claims. The court then went on to find that Combs could enforce the settlement agreement against the insurer, but that Ahern's estate could not, distinguishing the claims on the basis of the parties' reason for being in the car that day and their respective relationships to Medi-Trans. The court pointed out that Ahern was not a Medi-Trans client. The driver, Hopkins, was a personal friend of both Ahern and Combs. Apparently, Ahern had spent the bulk of the day socializing with Hopkins, and her main reason for being in the vehicle was to surprise her boyfriend, Combs, on Valentine's Day. The trial court stated:
If ... Ahern's case had survived a motion for summary judgment, this Court would not have submitted her case to a jury. Despite the defendant's failure to assume its obligations, the facts prevent the extension of coverage to her claim.
The instant appeal followed.

The Refusal to Enforce Ahern's Consent Judgment
Ordinarily, one who is not a party to a settlement agreement cannot be *372 bound by its terms. See Video Super Stores of Am., Inc. v. Mastriana, 575 So.2d 326, 326 (Fla. 4th DCA 1991); see also Sec. Prof'ls, Inc. ex rel. Paikin v. Segall, 685 So.2d 1381 (Fla. 4th DCA), review denied, 700 So.2d 687 (Fla.1997). An exception to this rule applies where, as here, an insurer wrongfully refuses to defend its insured. In that circumstance, the insured's liability has been established by the settlement and the insurer may not later relitigate this issue. An indemnitor will be bound by a settlement agreement in a suit against the indemnitee if the indemnitor had notice of the suit and an opportunity to defend, and the settlement was not the product of fraud or collusion. See Bagley v. W. Cas. & Sur. Co., 505 So.2d 678, 680 (Fla. 1st DCA 1987).
To hold otherwise would mean that the surety company ... may refuse to defend that suit and stand by while that issue is definitely presented and tried, and then, upon judgment being entered against the defendant, and the defendant being found unable to respond in damages, and execution being returned nulla bona, may again, when the plaintiff seeks to recover in the right of the insured under the terms of the policy from the surety company, present the same issues, which have been once tried and determined, for another trial and determination in the same court.
Columbia Cas. Co. v. Hare, 116 Fla. 29, 156 So. 370, 373-74 (1934); see also Vanguard Ins. Co. v. Townsend, 544 So.2d 1153, 1156 (Fla. 5th DCA 1989)("If the insurer sits on its hands after notice of the litigation against its insured, it will probably be bound by the judgment, assuming there was no collusion or fraud."), receded from on other grounds by Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992).
"[I]n order to enforce a consent judgment, `the injured party must bring an action against the insurer and prove [1] coverage, [2] wrongful refusal to defend, and [3] that the settlement was reasonable and made in good faith.'" Indep. Fire Ins. Co. v. Paulekas, 633 So.2d 1111, 1114 (Fla. 3d DCA 1994)(quoting Quintana v. Barad, 528 So.2d 1300, 1301 n. 1 (Fla. 3d DCA 1988)). We begin by noting that the second of these elements is not at issue in this appeal as neither party challenges the trial judge's finding that the allegations of the complaint were sufficient to give rise to a duty to defend the insured against the claims. See, e.g., Colony Ins. Co. v. G & E Tires & Serv., Inc., 777 So.2d 1034, 1037 (Fla. 1st DCA 2000)(stating that insurer's duty to defend its insured against third-party claims is determined by the allegations of the complaint). Having said that, we next turn to the "coverage" requirement.
The trial court's order clearly finds that Medi-Trans' policy of insurance provided coverage for negligent hiring claimsa determination that has not been challenged on appeal. In order to prevail on a cause of action for negligent retention and hiring, the plaintiff must prove that (1) the employer was on notice of the potentially harmful propensities of the employee, (2) the plaintiff was within the zone of foreseeable risks created by the employment, and (3) the employer's breach of duty was the proximate cause of the plaintiff's injuries. See Garcia v. Duffy, 492 So.2d 435, 440 (Fla. 2d DCA 1986); see also Doe v. Evans, 718 So.2d 286, 289 (Fla. 4th DCA 1998), review granted, 735 So.2d 1284 (Fla.1999); Watson v. City of Hialeah, 552 So.2d 1146 (Fla. 3d DCA 1989). Despite some obvious legal difficulties in the liability casein particular, Medi-Trans' duty to AhernAhern's complaint succinctly and sufficiently stated a cause of *373 action against Medi-Trans for negligent hiring and retention. Ahern alleged that Medi-Trans owed the decedent a duty not only as a passenger in the vehicle being driven by its employee, but also as a member of the general public exposed to the employee's driving. When Odyssey refused to provide a defense at trial, and as a result, Medi-Trans entered into a settlement agreement with Ahern, Odyssey lost its chance to litigate the factual issues surrounding duty, breach and proximate causation which were pivotal to the ultimate resolution of the legal principles involved in Ahern's claims. Medi-Trans' settlement of the negligent hiring claim served to establish its liability to Ahern; therefore, we hold that the trial court erred in finding that there was no coverage for Ahern's claims.

The "Reasonableness" of the Consent Judgments
During the proceedings below, the parties specifically agreed to bifurcate the proceedings and to reserve the issue of the reasonableness of the amount of the consent judgments for another day. See Paulekas, 633 So.2d at 1114 (holding that a party seeking to enforce a consent judgment must also establish that the settlement was reasonable and made in good faith). The final judgment was rendered without a hearing on the reasonableness issue. As a result, we reverse the order appealed in its entirety and remand for an evidentiary hearing on the issue of whether both consent judgments were reasonable in amount and, thus, enforceable.
REVERSED and REMANDED.
LABARGA, JORGE, Associate Judge, concurs.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
This case illustrates why the declaratory judgment remedy can offer the preferable way of resolving coverage and duty to defend disputes. See State Farm Fire & Cas. Co. v. Higgins, 788 So.2d 992 (Fla. 4th DCA 2001). Where such issues exist, a declaratory judgment better balances the competing interest of the injured plaintiff, the insured tortfeasor, and the insurer than framing the litigation around a Coblentz settlement agreement.
NOTES
[1] See Coblentz v. Am. Sur. Co. of New York, 416 F.2d 1059 (5th Cir.1969).