823 So.2d 241 (2002)
Stanley WRIGHT, Uzi Jacobi, and Pettit Tools & Supplies, Inc., a Florida corporation, Appellants,
v.
HARTFORD UNDERWRITERS INSURANCE COMPANY, a foreign corporation, Appellee.
No. 4D01-3371.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
Sharon Degnan and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellant.
Gina E. Caruso and Mark A. Faris of Hinshaw & Culbertson, Fort Lauderdale, for appellee.
FARMER, J.
Wright, employed by Pettit Tools & Supplies, was injured while working with his supervisor, Jacobi. Pettit had worker's compensation and employer liability insurance coverage from Hartford. After settling his workers compensation claim, Wright sued Pettit and Jacobi, alleging that his injury resulted from Jacobi's gross negligence for which Pettit was vicariously liable. Wright also alleged Pettit violated the Florida Building Code and that the violation contributed to his injury. Pettit gave Hartford notice of the action and requested coverage and a defense, but Hartford refused. Pettit, Jacobi, and Wright later settled the action. Under the terms of the settlement, Pettit and Jacobi admitted liability and conceded damages in the amount of $25,000. The parties further *242 agreed that a final judgment be entered so providing, that Wright would not seek to levy execution on the judgment, that Pettit and Jacobi would assign their rights as insured under the Hartford policy to Wright, and that Wright would seek to recover under the judgment only against Hartford under the policy.[1]
When Hartford refused to pay on the judgment, Wright sued Hartford for damages under the policy. In that action, the trial court granted Hartford's motion for summary judgment, ruling that Pettit was entitled to immunity from Wright's civil claims under the worker's compensation statutes[2] and that Wright's exclusive remedy for the claims covered by the judgment was worker's compensation benefits. We reverse.
Under the facts, Hartford is not entitled to raise any defense to Wright's claims that Pettit could have raised in the civil action. When Hartford refused both coverage and a defense to its insured for Wright's claims in the civil action, it thereby ceded to its insured control of the litigation and the right to settle the claims. As the court explained in Taylor v. Safeco Insurance Co., 361 So.2d 743, 746 (Fla. 1st DCA 1978):
"[The insured] was therefore free to provide his own defense without affecting any liability Safeco might ultimately have for the judgment. [The insured] was entitled also to effect a settlement of the ... claim against him, and that notwithstanding Safeco's policy which forbad the insured to `assume any obligation' without Safeco's consent and which conditioned Safeco's liability on `a judgment against the insured after actual trial or by written agreement of the insured, claimant and SAFECO.' Safeco's reservation of its assertion of nonliability, though privileged, relinquished to [the insured], at his election, control of the litigation."
Workers compensation immunity is a defense that Pettit could have raised in the civil action. Because Hartford refused to defend its insured, it is bound by the settlement waiving the defense of workers compensation immunity and may not assert that defense against Wright's claim for policy benefits to satisfy the judgment.[3] Hartford is now bound by the settlement and may not re-litigate the issue of liability by raising any affirmative defenses that could have been raised in the civil action. See Ahern v. Odyssey Re (London) Ltd., 788 So.2d 369, 371 (Fla. 4th DCA 2001) *243 (where an insurer wrongfully refuses to defend its insured, the insured may enter a settlement with the claimant establishing the insured's liability, and the insurer may not re-litigate the issue but is bound by the settlement unless it is found to be the result of collusion or fraud, or the settlement amount unreasonable). See, e.g., Indep. Fire Ins. Co. v. Paulekas, 633 So.2d 1111, 1114 (Fla. 3d DCA 1994) (holding that insurance company "was not permitted to assert all of the defenses which could have been asserted in the underlying cause of action, and the trial court properly limited the focus of the trial to the issues of whether the consent judgment was reasonable" where insurance company withdrew its defense of insured who then entered a settlement with claimant and claimant then filed a claim against insurance company seeking to enforce the settlement and asserting a bad faith claim).
Our disposition of the workers compensation immunity defense addresses the only basis for the trial court's grant of summary judgment. On remand the trial court will be confronted with the remaining coverage issuese.g. whether its employer's liability policy coverage in part II extended to include Wright's civil action. We do point out, however, that the workers compensation exclusion in the employer's liability coverage in part II, relied upon by the trial court below, does not apply to Wright's civil action because the settlement judgment was not an "obligation imposed by worker's compensation" law.[4] Rather, the judgment arose from the claims in the civil action and the settlement agreement among Wright, Pettit and Jacobi, neither of which involve obligations imposed by workers compensation law. Whether Jacobi is an insured under the policy and whether the intentional tort exclusion applies are issues remaining to be determined. If the court determines that there is coverage then it will be necessary to determine whether the amount of the judgment is reasonable.
REVERSED AND REMANDED.
TAYLOR, J., and GRIMES, HUBERT L., Associate Judge, concur.
NOTES
[1] See Coblentz v. Am. Sur. Co. of N.Y., 416 F.2d 1059, 1062-63 (5th Cir.1969) ("Where... liability insuror has notice of a proceeding against his ... insured, and is afforded an opportunity to appear and defend, a judgment rendered against the ... insured, in the absence of fraud or collusion, is conclusive against the ... insuror as to all material matters determined therein.").
[2] See chapter 440, Florida Statutes (1998).
[3] Neither the affirmative defense of workers compensation immunity nor of election of remedies appeared on the face of Wright's civil complaint. Therefore the decision in Reliance Insurance Co. v. Royal Motorcar Corp., 534 So.2d 922, 923 (Fla. 4th DCA 1988) (the duty of an insured to defend is determined by the allegations of the complaint), does not provide a basis for Hartford to disclaim liability for the judgment as coverage defenses. See also Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992) ("The assertion that the plaintiff's exclusive remedy is under the workers' compensation law is an affirmative defense, and its validity can only be determined in the course of litigation."); Vause v. Bay Med. Ctr., 687 So.2d 258, 261 (Fla. 1st DCA 1997) (affirmative defense of election of remedies did not appear on face of complaint where complaint did not suggest or state that plaintiff pursued a worker's compensation remedy to a determination on the merits).
[4] Manifestly, the purpose of the workers compensation exclusion in part II was to omit coverage thereunder for claims already payable under part I. As an exclusion to the part II coverage it was also not designed to afford its insured with immunity from liability for a claim brought by its own employee.