ROTHENBERG, J.
Plaintiff Portuondo-Tarajano International Corp. (“PTI”) appeals from a final order dismissing its Third Amended Complaint with prejudice in favor of the defendants, Farm Stores Grocery, Inc. (“Farm Stores”), and several of Farm Stores’ subsidiaries and/or affiliates, Greener Pastures Trading, Inc., Autumn Partnership, LLP, and The Golden Cow, LLC (collectively, “the Defendants”). PTI also appeals a prior order postponing trial and requiring PTI to amend its Second Amended Complaint based on an accepted Offer of Judgment made solely by Farm Stores to Manuel J. Portuondo (“Portuon-do”), PTI’s sole shareholder and officer. We reverse the order dismissing the Third Amended Complaint with prejudice, remand for further proceedings consistent with this opinion, and find that the trial court erred by ordering PTI to file the Third Amended Complaint and by postponing trial.
I. FACTUAL AND PROCEDURAL HISTORY
In April 2005, Portuondo, a former employee and officer of Farm Stores, filed a complaint against the Defendants, alleging that Farm Stores breached a written Stock Option Agreement (Count I) and an oral Business Generation Agreement as to a “Velda Farms-Associated Grocers-Farm Stores” transaction (“Velda Farms transaction”) (Count II) and a “Retail-Dealer Franchising Program” (“Franchising Program”) (Count III). In August 2005, Por-tuondo filed an amended complaint against the Defendants, alleging that Farm Stores breached the Stock Option Agreement (Count I), and the Defendants (as opposed to only Farm Stores) breached the Business Generation Agreement as to the Vel-da Farms transaction (Count II) and the Franchising Program (Count III). The Defendants answered and asserted affirmative defenses, and Farm Stores filed a counterclaim against Portuondo, asserting that he breached his fiduciary duty, converted confidential information, and misappropriated trade secrets.
In December 2007, Portuondo was granted leave to file a Second Amended Complaint to add PTI as an additional plaintiff (PTI and Portuondo, collectively referred to as “the Plaintiffs”). The Second Amended Complaint alleges that Farm Stores breached the Stock Option Agreement (Count I), and alternatively, that Portuondo seeks to reform the Stock Option Agreement (Count IV). Further, Count II alleges that the Defendants breached the Business Generation Agreement as to the Velda Farms transaction, *198 asserting that the Defendants initially-agreed to pay Portuondo 8% of all revenue he generated in negotiating and finalizing the Velda Farms transaction. However, prior to making the first payment due under the agreement, Farm Stores and Portuondo agreed that payment due under the agreement would be paid to Portuon-do’s consulting firm, PTI, “who would be deemed to have provided [Portuondo’s] business generation services to [Farm Stores], entitling [PTI] to the 3% fee.” After the Velda Farms transaction closed, the Defendants, through Greener Pastures, paid PTI $200,000 or approximately 2.5% of the fee due. Therefore, PTI is owed an additional 0.5%. The allegations in Count III are similar to the allegations in Count II, except that Count III pertains to the Franchising Program, and alleges that the Defendants breached the Business Generation Agreement by failing to pay PTI the 3% due. In Counts II and III, the Plaintiffs allege that, in the alternative, the remaining sums are due to Por-tuondo.
In June 2008, the Defendants served separate offers of judgments on PTI ($1,000) and Portuondo ($40,000), pursuant to Florida Rule of Civil Procedure 1.442, and section 768.79, Florida Statutes (2008). The offer made to Portuondo specifically stated that it was made “to settle and resolve any and all claims that POR-TUONDO had, has or will have in this lawsuit against any and/or all of the Defendants individually and/or collectively, inclusive of PORTUONDO’S attorney’s fees and costs.” Further, it provided that the offer “does not include or cover any claims by and/or against the other Plaintiff, [PTI].” (emphasis in original). The offer made to PTI contained the same language as the offer made to Portuondo, except that it was made to settle all of PTI’s claims, and did not include the claims raised by Por-tuondo. Neither offer was accepted.
More than a year later, in August 2009, Farm Stores, pursuant to rule 1.442 and section 768.79, offered Portuondo $70,000 to settle. Like the June 2008 offer made by the Defendants to Portuondo, this offer provided: “This proposal does not include or cover any claims by and/or against the other Plaintiff, [PTI].” However, unlike the June 2008 offer, this offer was made only by Farm Stores (as opposed to by all of the Defendants), and stated that an “[acceptance of this offer will result in a voluntary dismissal of FARM STORES’ counterclaim.” Further, no separate offer was made to PTI. Portuondo timely accepted Farm Stores’ Offer.
In September 2009, the Defendants filed a Motion for Dismissal Due to Settlement, asserting that as a result of Portuondo’s acceptance of Farm Stores’ Offer, “every existing and possible claim” Portuondo had against Farm Stores under the alleged Business Generation Agreement was “settled and released.” At a hearing held on the day trial was to commence, PTI argued that the Offer applied only to Por-tuondo and it specifically excluded PTI’s claims. The trial court inquired as to whether PTI is separate and distinct from Portuondo, and stated, “I don’t see any separate and distinct claim for damages.” The trial court entered an order postponing the scheduled trial and requiring PTI to amend the Second Amended Complaint due to Portuondo’s acceptance of Farm Stores’ Offer.
As ordered by the trial court, PTI filed its Third Amended Complaint, asserting a breach of the Business Generation Agreement as to the Velda Farms transaction (Count I), and the Franchising Program (Count II). PTI also moved for reconsideration of the trial court’s earlier order and sought to reset the trial.
*199 The Defendants filed a motion to dismiss the Third Amended Complaint with prejudice based on Portuondo’s acceptance of the Offer. The Acting Circuit Court Judge[1] entered an order denying PTI’s motion for reconsideration and to reset the trial, but dismissed PTI’s Third Amended Complaint with prejudice. PTI’s appeal follows.
II. ISSUE
The primary issue we must determine is whether the trial court erred, as a matter of law, by dismissing with prejudice Por-tuondo’s and PTI’s Third Amended Complaint based on Portuondo’s acceptance of Farm Stores’ offer of judgment, which was made only to Portuondo. As we conclude that Portuondo’s acceptance of Farm Stores’ Offer did not bar PTI’s separate and distinct claims, we reverse the order dismissing the complaint with prejudice, and remand for further proceedings consistent with this opinion.
III. ANALYSIS
Section 768.79(2)(b) provides, in part, that “[a]n offer must ... [njame the party making it and the party to whom it is being made,” and rule 1.442(2)(A) utilizes similar language: “A proposal shall ... name the party or parties making the proposal and the party or parties to whom the proposal is being made.” Further, “the only parties bound by [an] offer of judgment [are] the parties who made the offer and the parties who accepted the offer,” unless the liability of the remaining parties is “derivative or subsumed within the claims of the other parties to the offer.” Sec. Professionals, Inc. v. Segall, 685 So.2d 1381, 1383 (Fla. 4th DCA 1997); see also Video Super Stores of Am., Inc. v. Mastriana, 575 So.2d 326 (Fla. 4th DCA 1991) (holding that settlement agreement is not binding on individual who was not a party to the settlement agreement). Here, a review of the Offer demonstrates that it was made only to Portuondo, and therefore, PTI is not bound by the Offer.[2]
The Defendants assert that even if PTI is not bound by the Offer, the trial court properly dismissed the action with prejudice because PTI did not plead any separate and distinct claims in the Second Amended Complaint, which is the operative complaint as it was the complaint upon which the Offer was made to and accepted by Portuondo. Based on our review of the Second Amended Complaint, we disagree.
Counts I and IV of the Second Amended Complaint, which relate to the Stock Option Agreement, were clearly settled by the Offer. Thus, our review of the Second Amended Complaint is limited to Counts II and III pertaining to the Defendants’ alleged breach of the Business Generation Agreement as to the Velda Farms transaction (Count II) and the Franchising Program (Count III). Counts II and III allege that PTI would be deemed to have provided the business generation services and that the fees are due to PTI, not Portuondo. The Plaintiffs, however, alleged that, in the alternative, the fees are due to Portuondo. Thus, Portuondo’s acceptance of Farm Stores’ Offer did not extinguish or settle PTI’s independent claims raised in Counts II and III of the Second Amended Complaint. Therefore, in addition to the claims relating to the Stock Option Agreement, the Offer also *200 settled Portuondo’s alternative claims relating to the breach of the Business Generation Agreement in Counts II and III. Accordingly, we conclude that the trial court erred, as a matter of law, by dismissing the action with prejudice, and remand for further proceedings.
Based on our resolution of the above issue and our independent review of the Second Amended Complaint, we find that the trial court erred by requiring PTI to file the Third Amended Complaint and by postponing the trial. Therefore, on remand PTI will have the option of going forward on its Second Amended Complaint or its Third Amended Complaint.
The remaining argument raised by PTI need not be addressed based on our determination of the primary issue raised on appeal.
Reversed and remanded.
SALTER, J., concurs.

. Based on PTI’s motion, the original trial court judge recused herself.

. As we noted, in June 2008, the Defendants served separate offers of judgments on PTI and Portuondo, which were not accepted. Defendants thus were aware of the need to address all claims and claimants in the suit to buy peace through settlement.