EVANDER, C.J.,
Allyson Breger, Mark Scanlan, and Stacey Scanlan (jointly referred to as "Appellants") appeal the trial court's order granting Robshaw Custom Homes, Inc.'s ("Robshaw") motion to enforce acceptance of proposal for settlement and dismissing their amended complaint with prejudice. We reverse. The proposal for settlement only offered to settle Stacey Scanlan's claim and not those of her co-plaintiffs. Robshaw's purported acceptance of the proposal for settlement did not mirror the offer made. Furthermore, any agreement that may have been reached by Stacey *1149 Scanlan and Robshaw would not be binding on Stacey Scanlan's co-plaintiffs.
Appellants owned certain real property as joint tenants with the right of survivorship. Breger owned a fifty percent interest and the Scanlans owned a fifty percent interest as husband and wife. Appellants entered into a building contract with Robshaw, whereby Robshaw agreed to construct certain improvements on the property. After completion of the construction project, disputes arose between Appellants and Robshaw as to the quality of Robshaw's work. Ultimately, Appellants filed a complaint against Robshaw, alleging breach of contract and negligence.
On December 13, 2017, each Appellant served a separate, individual proposal for settlement on Robshaw. Stacey Scanlan's proposal for settlement read as follows:
1. SCANLAN makes this offer of judgment to ROBSHAW pursuant to Florida Rules of Civil Procedure 1.442 and Florida Statutes § 768.79.
2. SCANLAN proposes to settle all of SCANLAN's claim for damages as made in SCANLAN's Amended Complaint against ROBSHAW for the amount of Ten Thousand Dollars ($ 10,000.00).
3. Upon ROBSHAW's acceptance of this offer of judgment, ROBSHAW will pay SCANLAN the amount of Ten Thousand Dollars ($ 10,000.00), and SCANLAN will dismiss with prejudice her Amended Complaint against ROBSHAW.
4. There are no conditions other than those stated herein.
5. Attorney's fees have not been pled. This offer of judgment does not include attorney's fees.
6. The amount offered for punitive damages is zero ($ 0).
7. This offer of judgment shall be deemed rejected unless accepted by ROBSHAW by written notice of acceptance within 30 days after service of this offer of judgment.
The proposals for settlement made by Breger and Mark Scanlan were identical except for the name of the offeror. On December 21, 2017, Robshaw served an "acceptance" only as to Stacey Scanlan's proposal for settlement. The purported acceptance read, as follows:
ACCEPTANCE OF PLAINTIFF, STACEY M. SCANLAN'S PROPOSAL FOR SETTLEMENT/ OFFER OF JUDGMENT
The Defendant, ROBSHAW CUSTOM HOMES, INC., hereby accepts the Proposal for Settlement/Offer of Judgment provided by Plaintiff, STACEY M. SCANLAN, dated 13 December, 2017.
Attached hereto is a draft in the amount of $ 10,000.00 made payable to Stacey M. Scanlan. This draft shall be placed in Ms. Scanlan's Attorney's Trust Account and not negotiated until the Amended Complaint, brought jointly by the Plaintiffs, against Defendant, ROBSHAW CUSTOM HOMES, INC., is dismissed with prejudice and a copy of the Dismissal is provided to Defendant's Counsel.
After Appellants notified Robshaw that the amended complaint would not be dismissed in its entirety, Robshaw filed its motion to enforce acceptance of proposal for settlement and to dismiss the amended complaint with prejudice. The trial court subsequently granted Robshaw's motion. It found that because the claims set forth in the amended complaint were "undifferentiated," acceptance of a proposal for settlement made by a single plaintiff was binding on the other plaintiffs. We respectfully disagree.
*1150 An acceptance of a settlement offer must be a "mirror image" of the offer in all material respects. Otherwise, it will be considered a counteroffer that rejects the original offer. Pena v. Fox , 198 So.3d 61, 63 (Fla. 2d DCA 2015). Here, Stacey Scanlan's proposal for settlement proposed to settle "all of SCANLAN'S claim for damages as made in SCANLAN'S Amended Complaint." It then unambiguously recited that in consideration for the payment of $ 10,000, she would dismiss her complaint against Robshaw. By contrast, Robshaw's purported acceptance recited its agreement to pay $ 10,000 in consideration for the dismissal of "the Amended Complaint, as brought jointly by the Plaintiffs." Because Robshaw's response did not mirror the material terms of Stacey Scanlan's offer, it should have been construed as a rejection of the proposal for settlement.
Furthermore, it was error for the trial court to conclude that Robshaw's purported acceptance of Stacey Scanlan's proposal for settlement was binding on Breger and Mark Scanlan. See Security Prof'ls, Inc. By & Through Paikin v. Segall , 685 So.2d 1381, 1382 (Fla. 4th DCA 1997) ("We conclude that the only parties bound by the offer of judgment were the parties who made the offer and the parties who accepted the offer.") Robshaw argues that because Appellants' claims were "undifferentiated," we should determine that Mark Scanlan and Breger are bound by the purported agreement between Robshaw and Stacey Scanlan even though they were not parties thereto. We decline to do so. To accept Robshaw's argument would mean that Stacey Scanlan could have bound her co-plaintiffs to a settlement agreement to which they did not consent. We would also observe that the service of three separate proposals for settlement from Breger, Mark Scanlan, and Stacey Scanlan compels the conclusion that Robshaw was aware that Stacey Scanlan lacked the authority to settle claims on behalf of Breger and Mark Scanlan.
REVERSED and REMANDED.
GROSSHANS and SASSO, JJ., concur.