DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MACY D. HANSON** and
**THE LAW OFFICE OF MACY D. HANSON, PLLC,**
Appellants/Cross-Appellees,

v.

**NATIONAL LEGAL STAFFING SUPPORT, LLC,** and
**RESOLVLY, LLC,**
Appellees/Cross-Appellants.

Nos. 4D2022-3194 and 4D2022-3438

[February 28, 2024]

Consolidated appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Paige Gillman, Judge; L.T. Case No. 502020CA0011664XXXXMB.

Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, and Macy D. Hanson of The Law Office of Macy D. Hanson, PLLC, Madison, Mississippi, for appellants/cross-appellees.

Matthew Seth Sarelson and Zachary Stoner of Dhillon Law Group, Inc., West Palm Beach, for appellees/cross-appellants.

FORST, J.

Macy D. Hanson and The Law Office of Macy D. Hanson, PLLC (collectively "Hanson"), appeal from a final summary judgment in favor of appellees National Legal Staffing Support, LLC, and Resolvly, LLC (collectively "Businesses"). Businesses, in turn, cross-appeal the trial court's order denying their entitlement to attorney's fees under a contractual prevailing party provision.

We reverse the trial court's order granting summary judgment for the reasons set forth in this opinion.

Finding that Businesses are not the prevailing party in the litigation, we affirm the cross-appeal without discussion.

1

## Background

Businesses sued Hanson, alleging Hanson breached two settlement agreements that resolved two underlying lawsuits. In the first underlying lawsuit, Hanson, an attorney, represented clients in an action against Businesses. This lawsuit was settled with an agreement signed by the parties.

In a second lawsuit, one of the Businesses sued a former employee ("Employee") because Employee executed an affidavit about Businesses, and Hanson somehow acquired that affidavit. Hanson never officially appeared on Employee's behalf in the second lawsuit, but the settlement agreement resolving that lawsuit specifically identified Hanson as one of Employee's attorneys. Hanson negotiated terms, emailed that settlement agreement to Employee for signature, and later transmitted that signed settlement agreement to the attorney representing Businesses. Hanson also performed these same actions regarding the settlement agreement resolving the first lawsuit.

The settlement agreements from both lawsuits include provisions specifying that the parties, "their counsel," and "their attorneys" shall refrain from engaging in certain behaviors, including, but not limited to, authoring blog posts about the parties or the underlying litigation, and disseminating Employee's affidavit. However, Hanson, a non-party attorney, did not sign either settlement agreement. In fact, neither settlement agreement includes attorney signature blocks.

Hanson later authored a blog post response, commenting about the outcome of the underlying litigation and remarking negatively about one of the Businesses. He also filed Employee's affidavit in at least one subsequent lawsuit. It is undisputed that Hanson engaged in such conduct, which Businesses contend makes Hanson liable for breaching the settlement agreements. After Businesses sued Hanson (but not his clients) for breach, Hanson responded that he is not bound by the confidentiality and non-dissemination clauses of the settlement agreements because he is not a party, did not sign the agreements, and did not intend to be bound by them.

Businesses moved for summary judgment and argued that Hanson is bound because the settlement agreements' unambiguous provisions impose obligations on Hanson, which he violated. Hanson reasserted his position that he is not liable for breach because, as a non-signatory, he is not bound by the settlement agreements' terms and conditions.

The trial court agreed with Businesses and entered final summary judgment in Businesses' favor. Specifically, the trial court reasoned that

Hanson is bound by the settlement agreements' plain language, recognizing that Florida law does not require a signature as a prerequisite to be bound by a contract. The trial court also found that Hanson's undisputed conduct breached the settlement agreements' applicable confidentiality and non-dissemination provisions.

Businesses subsequently moved for attorney's fees pursuant to a prevailing party attorney's fee provision in one of the settlement agreements. However, the trial court denied Businesses' motion for attorney's fees, reasoning that the applicable provision's plain language mentioned only the parties, not counsel or third-party beneficiaries. Hanson's appeal of the summary judgment and Business's cross-appeal of the denial of the motion for attorney's fees timely follow.

## Analysis

The sole issue in this appeal is a narrow one: whether Hanson, a non-signatory attorney to the settlement agreements that his clients signed, is bound by the settlement agreements because they include provisions purporting to bind Hanson specifically by name or by his role as "counsel" or "attorney." We answer this question in the negative from a purely contractual standpoint and based on the record before us.[1]

A de novo standard of review applies to the trial court's order granting summary judgment. *Roberson v. Enter. Leasing Co. of Fla.*, 364 So. 3d 1097, 1100 (Fla. 4th DCA 2023).

### *The Settlement Agreements*

"A valid contract arises when the parties' assent is manifested through written or spoken words, or 'inferred in whole or in part from the parties' conduct.'" *L & H Constr. Co. v. Circle Redmont, Inc.*, 55 So. 3d 630, 634 (Fla. 5th DCA 2011) (quoting *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997)). "[I]t is a well settled principle of contract law that where the terms of a contract are unambiguous, the parties' intent must be determined from within the four corners of the document. In the absence of ambiguity, the language itself is the best evidence of the parties' intent and its plain language controls." *Barakat v. Broward Cnty. Hous. Auth.*, 771 So. 2d 1193, 1194–95 (Fla. 4th DCA 2000).

---

[1] As they were not issues presented below, this opinion does not address either the culpability of Hanson's clients for Hanson's disclosures, or the ethical implications of Hanson's conduct.

Here, the trial court utilized the plain language approach to conclude that Hanson is bound based on the wording of the settlement agreements' provisions that specifically name Hanson or his role as "attorney" or "counsel." While normally correct, this approach is problematic to these facts because "[o]rdinarily, one who is not a party to a settlement agreement cannot be bound by its terms." *Maxwell v. Edwards*, 345 So. 3d 323, 325 (Fla 4th DCA 2022) (quoting *Ahern v. Odyssey Re (London) Ltd.*, 788 So. 2d 369, 371–72 (Fla. 4th DCA 2001)); *see also Axiom Worldwide Inc. v. Becerra*, No. 08-cv-1918, 2009 WL 1347398, at *6 (M.D. Fla. May 13, 2009) (dismissing breach of contract claims against non-parties to a settlement agreement when contracting party allegedly agreed that a non-disparagement provision would extend to those non-party distributors). The settlement agreements' language tells us that *the parties* intended for Hanson to be bound, not that Hanson, a non-party, intended or agreed to be bound.

### ***Non-Signatory Attorney Distinction***

Florida law recognizes that a non-signatory can be bound by a contract, but we have yet to find a Florida case that binds a non-signatory *attorney* to the substantive provisions within a client's settlement agreement. Several jurisdictions outside of Florida have parsed out this distinction with one case containing facts that strikingly resemble those here.

In *Milliner v. Mutual Securities, Inc.*, No. 15-cv-03354, 2021 WL 2645793, (N.D. Cal. June 28, 2021), the court explored the same issue that is now before us. There, the plaintiff sued a non-signatory attorney for breaching the confidentiality provision within his clients' settlement agreement after the attorney revealed information to a third party. *Id.* at *1, *4. Like the settlement agreements' provisions here, the confidentiality provision in *Milliner* included references to counsel. *Id.* at *5.

Ultimately, the *Milliner* court concluded the plaintiff failed to establish that the attorney was bound by the settlement agreement and thus he could not be held to have breached it. *Id.* at *6. The court reasoned: "The settlement agreement does not name [sued attorney] (or any other attorney) as a party to the agreement and he did not sign the document to indicate his approval as to its form or content." *Id.*

Additionally, the *Milliner* court rejected the plaintiff's argument that the attorney consented to being bound via his conduct of "negotiating the agreement, advis[ing] his clients to sign the agreement, and then accept[ing] the benefits of the agreement." *Id.* Notably, here, these are the exact actions that Businesses contend demonstrate Hanson's intent to be bound, and we similarly reject this argument. While it may be true that

Hanson negotiated the settlement agreements, transmitted them to his clients for their signatures, returned the settlement agreements to the attorney representing Businesses, and benefitted from the settlement agreements, these are customary actions performed by attorneys. *See id.* Nor do Businesses direct us to any other affirmative conduct on Hanson's part to demonstrate his intent to be bound given that the settlement agreements lack his signature. *See L & H Constr. Co.*, 55 So. 3d at 634.

Other courts have also found that contractual provisions imposing obligations on attorneys will often not bind those attorneys when the attorneys do not sign the agreement or merely sign as to "form and substance." *See RSUI Indem. Co. v. Bacon*, 810 N.W.2d 666, 671–72 (Neb. 2011) (commenting that attorney's signature approving "form and substance" neither demonstrated nor implied an intent for attorney to incur personal liability under contractual provision); *see also Sealed Party v. Sealed Party*, No. Civ.A. H-04-2229, 2006 WL 1207732, at *2, *14 n.49 (S.D. Tex. May 4, 2006) (noting that non-signatory attorney was not bound by confidentiality provision in settlement agreement that specifically imposed obligation on attorney).

## Conclusion

Because Hanson did not sign the settlement agreements, is not named as a party, and did not manifest consent to be bound, we find that he is not bound, and the trial court erred by granting summary judgment in Businesses' favor in their breach of contract lawsuit that solely named Hanson. Accordingly, we reverse and remand for further proceedings. Because the sole basis for Businesses' cross-appeal was premised on their status as a prevailing party, we find reversal moots that issue and affirm the cross-appeal without discussion on the merits.

*Summary judgment reversed on appeal; cross-appeal affirmed as moot.*

MAY and DAMOORGIAN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***